UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| RONALD THOMPSON, | ) | No. CV 09-5842-FMC (FFM) |
| Petitioner, | ) | ORDER RE SUMMARY |
| vs. | ) | DISMISSAL OF ACTION WITHOUT PREJUDICE |
| J.F. SALAZAR, Warden, | ) | |
| Respondent. | ) | |

On or about August 6, 2009, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein. The Petition purports to be directed to a 2009 denial of parole. Petitioner purports to be stating five grounds for relief.

The Petition alleged that petitioner has a currently pending petition for writ of habeas corpus before the California Supreme Court. In addition, the Petition alleged that petitioner had not exhausted any of the claims asserted therein.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies

available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Moreover, because petitioner alleged that he currently has a petition for review pending in the California Supreme Court, the exhaustion issue here also raises the Ninth Circuit's holding and reasoning in *Sherwood v. Tompkins*, 716 F.2d 632 (9th Cir. 1983). There, the petitioner was seeking habeas relief on the ground that he had been denied his right to appointed counsel and free transcripts. Although the petitioner's state appeal from his conviction still was pending, the petitioner arguably had exhausted his state remedies with respect to the particular claim being raised in his federal habeas petition. The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

> "[E]ven were Sherwood to have exhausted all his state remedies with respect to the denial of his appointed counsel and free transcript request, that would not be enough to satisfy the requirements of 28 U.S.C. §§ 2254(b) and (c). When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.
>
> "As we explained in *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question."

*Sherwood*, 716 F.2d at 634 (footnote and remaining citations omitted).

Other courts in this Circuit also have applied the *Sherwood* dismissal rule where the petitioner had a state habeas petition pending. *See, e.g., Lockhart v. Hedgpeth*, No. C 08-2186 JSW (PR), 2008 WL 2260674, **1 (N.D. Cal. May 30, 2008); *Craft v. Sisko*, No. CV 08-455-VBF (JWJ), 2008 WL 906438, *1-*2 (C.D. Cal. April 1, 2008); *McDade v. Board of Corrections*, No. C 07-5294 MJJ (PR), 2007 WL 3146736, *1 (N.D. Cal. Oct. 25, 2007); *Hancock v. Marshall*, No. C 07-2644 CW (PR), 2007 WL 1521002, *1 (N.D. Cal. May 24, 2007); *Kilgore v. Malfi*, No. C 07-340 SI (PR), 2007 WL 1471293, *2-*3 (N.D. Cal. May 17, 2007).

For the foregoing reasons, the Court dismissed the Petition with leave to amend. On October 28, 2009 petitioner filed a First Amended Petition along with a motion for reconsideration of the dismissal order. The First Amended Petition still alleges that none of the claims asserted therein is exhausted and still alleges that petitioner has a currently pending petition before the California Supreme

Court. Petitioner asserts in his motion for reconsideration that it would be futile to exhaust his claims because they relate to a parole refusal.

Petitioner has the burden of demonstrating that he has exhausted available state remedies. *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982). Here, it plainly appears from the face of the First Amended Petition that petitioner cannot meet this burden with respect to any of the claims being alleged by him. Moreover, petitioner has failed to demonstrate any futility in pursuing his state remedies first.

If indeed it were clear that the California Supreme Court would hold that petitioner's unexhausted federal constitutional claims were procedurally barred under state law, then the exhaustion requirement would be satisfied.[1] *See Castille v. Peoples*, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Johnson v. Zenon*, 88 F.3d at 831; *Jennison v. Goldsmith*, 940 F. 2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's federal constitutional claims are procedurally barred under state law. *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claimed sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either the absence of available state corrective process exception or the existence of

---

[1] In that event, although the exhaustion impediment to consideration of petitioner's claim on the merits would be removed, federal habeas review of the claim would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

4

circumstances that such process is ineffective exception to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

IT THEREFORE IS ORDERED that petitioner's motion for reconsideration is denied and that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated:   November 18, 2009

_____
FLORENCE-MARIE COOPER
United States District Judge

Presented by:

    / s /   FREDERICK F. MUMM
_____
   FREDERICK F. MUMM
   United States Magistrate Judge